UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X

LIU XINGHAI,

                            Plaintiff,

                     -against-

GREENLAND HOLDING GROUP COMPANY
LIMITED, GREENLAND PACIFIC PARK BROOKLYN.

                            Defendants.

------------------------------------------------------------------------ X

**MEMORANDUM OF DECISION AND ORDER**

17-cv-01747 (LDH) (RER)

L<small>A</small>SHANN D<small>E</small>ARCY HALL, United States District Judge:

      Plaintiff Liu Xinghai brings the instant action against Defendants Greenland Holding Group Company Limited ("Greenland Holding"), Greenland Atlantic Yards LLC ("Greenland Atlantic"), and Pacific Park Brooklyn, seeking damages relating to real property in the Jiangxi province of China, as well as damages for human rights violations that occurred in the province, pursuant to the Alien Tort Statute, 28 U.S.C. § 1350.[1]  Defendant Greenland Atlantic moves pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint.

## BACKGROUND[2]

      In 2002, Plaintiff purchased land from the Honggutan government within the Jiangxi province of China[3] and began developing the land shortly thereafter.  (Am. Compl. at 5, ECF

---

[1] Plaintiff initially filed the instant action against Defendants Greenland Holding Group Company Limited and Greenland Pacific Park Brooklyn.  (Am. Compl., ECF No. 6.)  Though not named as a defendant, Greenland Atlantic Yards LLC filed a motion to dismiss the complaint, believing that Plaintiff intended to name it as a defendant but improperly identified it as Greenland Pacific Park Brooklyn.  (Greenland Atlantic Mot. to Dismiss, ECF No. 10.)  Subsequently, Plaintiff moved to replace Defendant Greenland Pacific Park Brooklyn with Defendants Greenland Atlantic Yards and Pacific Park Brooklyn.  (Pl.'s Letter Mot. to Amend Compl., ECF No. 18.)

[2] The following facts are taken from the Amended Complaint.  They are assumed to be true for the purpose of deciding the instant motion and are construed in a light most favorable to Plaintiff, the non-moving party.  Citations to Plaintiff's Amended Complaint refer to the pagination assigned by the Court's ECF system.

[3] Honggutan is a district within Nanchang, which is the capital of the Jiangxi province in China.

No. 6.) Plaintiff alleges that in 2004, Yuanjiang Lei, the head of the Honggutan government, informed Plaintiff that Defendants sought to purchase Plaintiff's property. (*Id*.) Plaintiff "refused" the proposal. (*Id*.) Plaintiff alleges that, as a result of his refusal to sell the land, "Lei and his fellows threatened and forced [Plaintiff] into ceding [his] property to [the] Honggutan gov[ernment] at a[n] extreme[ly] low price and without any actual payments." (*Id*. at 5-6.) Plaintiff further alleges that Defendants were aware that Plaintiff refused to sell his land but nonetheless commenced a construction project on the property on September 30, 2009. (*Id*. at 6.) On June 13, 2010, Plaintiff alleges that the police in the Jiangxi province of China "arbitrarily" arrested him. (*Id*.) Plaintiff states that Su Rong, the Communist Party Secretary of the Jiangxi province, "manipulated" the police into arresting him because he refused to transfer his land to the government or Defendants. (*Id*.) Plaintiff alleges that Defendants aided and abetted his "arbitrary detention, unfair trial, wrongful judgments[,] and unlawful imprisonment[]." (*Id*. at 7.)

Plaintiff brings two claims. *First*, Plaintiff seeks $2.5 billion in damages arising from Defendants' unlawful occupation and development of the land. (*Id*. at 7-8.) *Second*, Plaintiff seeks $1.5 billion for human rights damages pursuant to the Alien Tort Statute. (*Id*. at 7.)

## STANDARD OF REVIEW

Such as here, when a party moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) and on other grounds, courts consider the Rule 12(b)(1) challenge first. *See Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990). If a court finds that it lacks subject matter jurisdiction, then "the accompanying defenses and objections become moot and do not need to be determined." *Id.* (citation omitted).

**DISCUSSION**

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 552 (2005). If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). This applies with equal force to pro se plaintiffs. *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-5369, 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking."). Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Here, Plaintiff's claimed basis for federal court jurisdiction is diversity of citizenship. (Am. Compl. at 4.) Diversity jurisdiction is properly invoked when a plaintiff presents a claim "between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing 28 U.S.C. § 1332). However, "the fact that alien parties [are] present on both sides [will] destroy complete diversity." *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980). In the instant case, there is no dispute regarding whether Plaintiff has pleaded the required jurisdictional amount; rather, Defendant argues that the Court lacks diversity jurisdiction because there are aliens on both sides of the action. (Def.'s Mot. to Dismiss at 9, ECF No. 12-1.)

At least one Defendant corporation is an alien. A corporation is "deemed . . . a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state

3

where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant Greenland Holding is incorporated under the laws of China. (Am. Compl. at 5; Joshua Cohen Decl. ¶ 8, ECF No. 12-2.) Moreover, Plaintiff alleges that the company has principal places of business in both Shanghai and New York. (Am. Compl. at 5.) Under these facts, Defendant Greenland Holding is an alien. Plaintiff, alleged to be a citizen of the Kingdom of Tonga, is also an alien. (Am. Compl. at 4.) Because both Plaintiff and Defendant Greenland Holding are aliens, this Court lacks diversity jurisdiction. *See Int'l Shipping Co., S.A. v. Hydra Offshore, Inc.*, 875 F.2d 388, 391 (2d Cir. 1989) ("[E]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity is nonetheless defeated if another alien party is present on the other side of the litigation."); *Franceskin v. Credit Suisse*, 214 F.3d 253, 258 (2d Cir. 2000) (holding that the court lacked diversity jurisdiction where the individual plaintiff was a citizen of Argentina and defendant corporation existed under the laws of Switzerland and maintained a place of business in New York).

Next, although the complaint states diversity of citizenship as the basis for this Court's jurisdiction, Plaintiff also brings a claim under federal law, the Alien Tort Statute, which warrants a separate subject matter jurisdiction analysis. *See* 28 U.S.C. § 1331. The Alien Tort Statute provides that: "[t]he district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. The Supreme Court has addressed the jurisdictional component of the statute, holding that: "relief [under the Alien Tort Statute] for violations of the law of nations occurring outside the United States is barred." *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124 (2013). In other words, as articulated by this Circuit in assessing claims under the

Alien Tort Statute, "if all the relevant conduct occurred abroad, that is simply the end of the matter under *Kiobel*." *Balintulo v. Daimler AG*, 727 F.3d 174, 190 (2d Cir. 2013); *see also Balintulo v. Ford Motor Co.*, 796 F.3d 160, 166-70 (2d Cir. 2015) (barring an Alien Tort Statute claim because the allegations did not sufficiently tie the relevant human rights violations to actions taken within the United States); *Chowdhury v. Worldtel Bangladesh Holding, Ltd.*, 746 F.3d 42, 48-50 (2d Cir. 2014) (holding that alleged detention and torture of plaintiff in Bangladesh could not support a claim in the United States under the Alien Tort Statute where all the relevant conduct occurred in Bangladesh).

Defendant argues that this Court lacks jurisdiction to hear Plaintiff's claim under the Alien Tort Statute because Plaintiff's alleged human rights violations occurred outside the United States. (Def.'s Mot. at 6-7.) Defendants are correct. According to the complaint, because Plaintiff refused to sell his land in China to Defendants, Defendants "aided and abetted" his "arbitrary detention, unfair trial, wrongful judgment[] and unlawful imprisonment[]" in China. (Am. Compl. at 5-7.) Plaintiff does not allege that any wrongful acts occurred within the United States in his complaint, nor in his opposition to Defendant's motion. Plaintiff suggests that the absence of these allegations are not fatal to his complaint. In support of this argument, Plaintiff relies on *Licea v. Curacao Drydock Co.*, a Southern District of Florida case, for the proposition that for certain claims, "[the Alien Tort Statute] provides jurisdiction in U.S. district courts regardless of where it occurred." *Licea v. Curacao Drydock Co.*, 584 F. Supp. 2d 1355, 1366 (S.D. Fla. 2008). However, *Licea* was decided prior to the Supreme Court's decision in *Kiobel* and the subsequent decisions of this Circuit—therefore, it lacks precedential effect here.

## CONCLUSION

For the aforementioned reasons, Defendant's motion to dismiss Plaintiff's complaint is GRANTED for lack of subject matter jurisdiction.[4] The complaint is dismissed with prejudice, as repleading would be futile. *See Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) ("Leave to amend need not be granted where the proposed amendment would be futile."); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [the plaintiff's] causes of action is substantive; better pleading will not cure it.").

SO ORDERED:

/s/ LDH
LASHANN DEARCY HALL
United States District Judge

Dated: Brooklyn, New York
      March 28, 2018

---

[4] Having dispensed with Plaintiff's claims for lack of subject matter jurisdiction, the Court need not reach Defendant's additional arguments for dismissal.