UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

XINGHAI LIU,

        Plaintiff,

        -against-

CHINESE GOVERNMENT OF THE PEOPLE'S
REPUBLIC OF CHINA, ADMINISTRATIVE
COMMITTEE OF HONG GU TAN NEW ZONE OF
NANCHANG OF JIANGXI PROVINCE OF CHINA,
GREENLAND HOLDING GROUP CORP. LTD.,
SHANGHAI GREENLAND GROUP JIANGXI
SHENJIANG REAL ESTATE CO. LTD., GREENLAND
ATLANTIC YARDS LLC,

        Defendants.

**MEMORANDUM
AND ORDER**

18-cv-3412 (LDH) (RER)

LASHANN DEARCY HALL, United States District Judge:

    Plaintiff Xinghai Liu, proceeding pro se, brings the instant action against Defendants

Chinese Government of the People's Republic of China, Administrative Committee of Hong Gu

Tan New Zone of NanChang of JiangXi province of China, Greenland Holding Group Corp. Ltd,

Shanghai Greenland Group JiangXi ShenJiang Real Estate Co. Ltd., and Greenland Atlantic

Yards LLC ("Greenland Atlantic"), seeking damages relating to the loss of property in China, as

well as damages for human-rights violations occurring in China, pursuant to the Alien Tort

Statute, 28 U.S.C. § 1350.[1] Defendant Greenland Atlantic moves pursuant to Federal Rules of

Civil Procedure 12(b)(1) and 12(b)(6) to dismiss the complaint.[2]

---

[1] Plaintiff filed his complaint on June 8, 2018. Of the five named Defendants, only Defendant Greenland Atlantic has been served with notice of this action. (*See* ECF Nos. 6-7.) Indeed, it appears that Plaintiff has only attempted service on one of the remaining four defendants (Defendant Chinese Government of the People's Republic of China). (*See* ECF No. 7.) This alone provides the Court with grounds to dismiss the complaint against all Defendants except for Greenland Atlantic. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")

[2] Plaintiff filed a nearly identical complaint against Greenland Atlantic and related entities on March 31, 2017. *See* Complaint, *Liu Xinghai v. Greenland Holding Group Co. Ltd.*, No. 17-cv-1747, (E.D.N.Y. Mar. 31, 2017), ECF No.

# BACKGROUND[3]

Plaintiff was arrested and detained in Beijing on June 13, 2010, by Chinese law enforcement on the basis of "a fake minor offence of false report of registered capital." (Compl. at 11-12, ECF No. 1.) Plaintiff alleges that such a crime generally would result in a summons or a fine, but instead he "was sentenced unlawfully to life imprisonment" in 2012. (*Id.* at 12.) Since that time, Plaintiff has been "forced into doing slave labor," working between twelve and fifteen hours per day, and receiving payment of only two to six dollars per month. (*Id.*) Plaintiff also alleges that the rights to certain of his property in HanChang, China were transferred against his will in 2008, and that the property has been occupied since that time. (*Id.* at 6, 12.) Plaintiff alleges that these actions by various Chinese authorities violated Chinese criminal and tort law, the U.N. "Convention for Protection of Human Rights," the Magnitsky Act, and the Sherman Antitrust Act, and therefore are cognizable under the Alien Tort Statute. (*Id.* at 6.) Plaintiff claims that there are no remedies available to him in China for these alleged wrongs. (*Id.*) Plaintiff seeks: (1) personal damages of $100 million, (2) human-rights damages of $2 billion, (3) property damages of $2.5 billion, and (4) emotional-distress damages of $100 million. (*Id.* at 6-7.) Additionally, Plaintiff seeks a variety of injunctive relief, including an order directing the Chinese government to comply with international law and release him from custody immediately. (*Id.* at 7.)

## STANDARD OF REVIEW

When a party moves for dismissal under Federal Rule of Civil Procedure 12(b)(1) and on

---

1. On March 28, 2018, the Court dismissed Plaintiff's complaint for lack of jurisdiction. *See* Mem. & Order, *Liu Xinghai v. Greenland Holding Group Co. Ltd.*, No. 17-cv-1747, (E.D.N.Y. Mar. 31, 2017), ECF No. 25.

[3] The following facts are taken from the complaint. They are assumed to be true for the purpose of deciding the instant motion and are construed in a light most favorable to Plaintiff, the non-moving party. Citations to Plaintiff's complaint refer to the pagination assigned by the Court's ECF system.

other grounds, courts consider the Rule 12(b)(1) challenge first. *See Rhulen Agency, Inc. v. Ala.*

*Ins. Guar. Ass'n,* 896 F.2d 674, 678 (2d Cir. 1990). If a court finds that it lacks subject-matter

jurisdiction, then "the accompanying defenses and objections become moot and do not need to

be determined." *Id.* (quotation marks and citation omitted).

## DISCUSSION

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has

subject-matter jurisdiction over the action. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545

U.S. 546, 552 (2005). If the court determines at any time that it lacks subject-matter jurisdiction,

it must dismiss the action. Fed. R. Civ. P. 12(h)(3). This applies with equal force to pro se

plaintiffs. *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-cv-5369, 2012 WL 1657362, at *3

(E.D.N.Y. May 7, 2012) ("Notwithstanding the liberal pleading standard afforded pro se

litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject

matter jurisdiction is lacking.").

Plaintiff alleges that this Court has subject-matter jurisdiction because his claims arise

under the Alien Tort Statute, 28 U.S.C. § 1350, and therefore present a federal question.

(Compl. at 4.) The Alien Tort Statute provides that "district courts shall have original

jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of

nations or a treaty of the United States." 28 U.S.C. § 1350. The Supreme Court addressed the

jurisdictional component of the Alien Tort Statute in *Kiobel v. Royal Dutch Petroleum Co.*,

holding that "relief [under the Alien Tort Statute] for violations of the law of nations occurring

outside the United States is barred." 569 U.S. 108, 124 (2013). In other words, as articulated by

the Second Circuit in assessing claims under the Alien Tort Statute, "if all the relevant conduct

occurred abroad, that is simply the end of the matter under *Kiobel.*" *Balintulo v. Daimler AG*,

727 F.3d 174, 190 (2d Cir. 2013); *see also Balintulo v. Ford Motor Co.*, 796 F.3d 160, 166-70

(2d Cir. 2015) (barring Alien Tort Statute claims because the allegations did not sufficiently tie

the relevant human-rights violations to actions taken within the United States); *Chowdhury v.*

*Worldtel Bangl. Holding, Ltd.*, 746 F.3d 42, 48-50 (2d Cir. 2014) (holding that alleged detention

and torture of plaintiff in Bangladesh could not support a claim in the United States under the

Alien Tort Statute where all the relevant conduct occurred in Bangladesh).

Defendant Greenland Atlantic argues that this Court lacks jurisdiction to hear Plaintiff's

claim under the Alien Tort Statute because Plaintiff fails to allege a single wrongful act

occurring within the United States. (Def.'s Ltr. Req. Pre-Mot. Conf. at 2, ECF No. 5.)

Defendant is correct. Plaintiff challenges his arrest and detention by Chinese authorities in

Beijing (Compl. at 3), his trial in Nanchang, China (*id.* at 22), the sentence imposed by a Chinese

court in Nanchang (*id.* at 5), and the theft of his property in HanChang, China (*id.* at 6, 12).

Plaintiff's complaint does not allege that any wrongful acts occurred within the United States.[4]

Because all of the conduct relevant to Plaintiff's claims occurred abroad, this Court is without

jurisdiction.

---

[4] Notably, Plaintiff failed to even respond to Defendant's jurisdictional arguments. This failure is all the more glaring because this Court previously dismissed his claims arising from identical facts based on this very jurisdictional deficiency. On August 23, 2018, the Court ordered Plaintiff to respond to Defendant Greenland Atlantic's letter seeking a pre-motion conference in relation to an anticipated motion to dismiss. Plaintiff failed to respond. On August 30, 2018, the Court once again ordered Plaintiff to respond to Defendant's request on or before September 4, 2018. Once again, Plaintiff failed to respond. On September 10, 2018, an individual purporting to be Plaintiff's daughter filed a letter explaining that Plaintiff is incarcerated and had not been in contact for an unspecified period of time. (*See* Aug. 31, 2018 Ltr., ECF No. 9.) This letter did not respond to Defendant's arguments and therefore did not satisfy Plaintiff's obligation to respond to Defendant's letter request. The Court once again directed Plaintiff to respond to Defendant's letter by September 17, 2018. The Court warned Plaintiff that if he did not respond to Defendant's letter, the Court would construe Defendant's letter request as a fully briefed motion to dismiss. Plaintiff did not respond by September 17, 2018, so the Court construed Defendant's letter as a fully-briefed motion to dismiss. On September 25, 2018, Plaintiff filed a letter that did not respond to Defendant's request, but instead requested "summary judgment as [a] matter of law based on the enormous unarguable legal facts supported by conclusive evidence[ ] that . . . all have been submitted to the [C]ourt." (Sept. 25, 2018 Ltr., ECF No. 10.) The Court has reviewed all of Plaintiff's submissions in this matter as well as in his 2017 case and finds no basis to exercise jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction is GRANTED without prejudice.[5]  This is the second time this Court has dismissed substantially similar claims by Plaintiff on these exact grounds.  Plaintiff is warned that if he continues to file meritless claims, the Court may impose sanctions, including a requirement that Plaintiff seek the Court's leave before proceeding pro se in any future litigation.

SO ORDERED:

 /s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
 April 11, 2019

---

[5] Having dispensed with Plaintiff's claims for lack of subject-matter jurisdiction, the Court need not reach Defendant's additional arguments for dismissal.